# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD SHINN, | CASE NO. 1:08-cv-01644-SMS |
| Plaintiff, | |
| v. | ORDER GRANTING MOTION FOR ATTORNEYS' FEES UNDER 42 U.S.C. § 406(b) |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | (Doc. 20) |

Plaintiff moves the Court to grant attorneys' fees of $18,000.00, under 42 U.S.C. § 406(b). Defendant Commissioner has filed a statement of non-opposition to Plaintiff's request. Having reviewed the motion and its supporting documentation, as well as the case file, this Court awards the requested attorneys' fees.

I.   **Legal and Factual Background**

On July 6, 2007, Plaintiff and attorney Laura Krank of the Law Offices of Rohlfing and Kalagian, L.L.P. ("attorneys"), entered a contingent fee agreement, providing payment to attorneys of twenty-five per cent of Plaintiff's past due benefits in the event the case was won. On October 27, 2008, Plaintiff filed a complaint in this Court appealing Defendant's denial of his application for disability insurance benefits. By a stipulation and order entered March 19, 2009, this Court remanded the matter for further administrative action pursuant to sentence six of 42 U.S.C. § 405(g).

On May 17, 2010, the agency notified Plaintiff of the award of monthly disability benefits

beginning in September 2000.  Twenty-five per cent of Plaintiff's past due benefit total of $94,615.00 equals $23,653.75.  Previously, the Court awarded and ordered paid to Plaintiff a fee of $4,851.13 under the Equal Access to Justice Act (EAJA).  Accordingly, Plaintiff has requested attorneys' fees of $18,000.00.

## II. **Discussion**

> Whenever a court renders judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . . .

42 U.S.C. § 406(b)(1(A).

The Court must review contingent-fee arrangements "as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).  Section 406(b) "instructs courts to review for reasonableness" fees yielded under contingent fee agreements, taking into account both the character of the representation and the results achieved.  *Gisbrecht*, 535 U.S. at 808.  Congress has provided a single guideline: Contingency agreements are unenforceable to the extent that they provide for fees in excess of twenty-five per cent of past-due benefits.  *Id.* at 807.  Within the twenty-five percent corridor, the attorney for a successful claimant must demonstrate that the fee is reasonable for the services that he or she provided.  *Id.*

"[D]istrict courts generally have been deferential to the terms of contingency fee contracts in § 406 (b) cases."  *Hearn v. Barnhart*, 262 F.Supp.2d 1033, 1037 (N.D.Cal. 2003).  Attorneys who agree to represent claimants pursuant to a contingent fee agreement assume the risk of receiving no compensation for their time and effort if the action does not succeed.  *Id.*  Here, Cerney accepted substantial risk of loss in representing Plaintiff, whose application had already been denied at the administrative level.  Plaintiff agreed to the contingent fee.  Working efficiently and effectively, the attorneys secured a remand and ultimately, the award of substantial benefits to Plaintiff.

///

///

### III. Conclusion and Order

Accordingly, this Court hereby GRANTS Plaintiff's petition for attorneys' fees of $18,000.00.

IT IS SO ORDERED.

Dated:   February 7, 2011             /s/ Sandra M. Snyder
                                    UNITED STATES MAGISTRATE JUDGE